IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
OF TEXAS WACO DIVISION

| | | |
|---|---|---|
| **RICHARD W. STEPHENSON,** § | | Case No. 19-639 |
| **Plaintiff** § | | |
| vs § | | **JURY TRIAL DEMANDED** |
| **Z SYSTEMS CORPORATION** § | | |
| **Defendant** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes RICHARD W. STEPHENSON, Plaintiff, complaining of Z SYSTEMS CORPORATION, hereinafter referred to as "Defendant," and files this Original Complaint and for such would show the Court and Jury the following:

**SUMMARY OF THE COMPLAINT**

This is an employment lawsuit alleging violations of applicable Federal and state laws prohibiting Defendant's discriminatory treatment and of and retaliation against Plaintiff by Defendant, based on disability and age discrimination. Plaintiff alleges causes of action under *Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) (Title VII); the American*s *with Disabilities Act of 1990 (ADA) as amended by the ADAAA; and applicable state laws, including* but not limited to *Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq.* (TLC).

Plaintiff seeks a jury trial to recover all damages, including back pay, front pay,

compensatory damages, punitive damages, and other damages as deemed appropriate by this Court, including attorneys' fees.

## PARTIES

1. Plaintiff is an individual who is over 40 years of age and is a resident of the state of Texas.

2. Defendant is a foreign entity authorized to do business in the state of Texas.

3. Defendant can be properly served with the citation by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

4. Defendant was the employer of Plaintiff at all times relevant to this suit. Plaintiff brings this suit against the entity or entities, which have done business as Z Systems Corporation in Texas and employed, discriminated, and retaliated against Plaintiff. Therefore, Plaintiff brings this suit against the Defendant which employed Plaintiff at the time of any discrimination or retaliation against him.

## JURISDICTION AND VENUE

5. Defendant is a foreign corporation doing business in the State of Texas.

6. Plaintiff is a legal resident of the state of Texas and the United States of America.

7. The amount in controversy exceeds $75,000. Accordingly, jurisdiction is properly based on diversity of citizenship under 28 U.S.C. § 1332.

8. Jurisdiction is also based on federal questions under 28 U.S.C. § 1331 to the extent Plaintiff asserts claims under Federal law; including but not limited to, *Title VII of the Civil Rights Act of 1964*, and *the Americans with Disabilities Act of 1990 (ADA)*.

9. Jurisdiction of Plaintiff's claims under the *Texas Labor Code (TLC)* is also appropriate

under *28 U.S.C. § 1367*, since the state law causes of action are so related to the federal claims in the action within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

10. At all times relevant to this cause of action, Plaintiff was an "employee" of Defendant and Defendant was an "employer," as these terms are defined under *Title VII*, *42 U.S.C.§ 1981,* the *ADA*, and *Chapter 21 of the TLC*. Plaintiff has exhausted all administrative remedies as required by law and as hereinafter stated.

11. Defendant operate its business at a location in Bell County, Texas, which is within the Western District of Texas. A substantial portion of the causes of action complained of herein occurred in Bell County, Texas.

## FACTS

12. Plaintiff was an employed by Defendant as a truck driver at Defendant's location at 4902 Roy J. Smith Drive, Killeen, Bell County, Texas 76543. Plaintiff worked as a truck driver employee of Defendant from May 1, 2016 until July 12, 2018.

13. Throughout Plaintiff's employment he suffered from a form of dyslexia.

14. In addition, Plaintiff is a veteran having served in the U.S. Navy for 41 months and received an honorable discharge.

15. On or about July 5, 2018, Plaintiff was advised that he had insulin dependent diabetes. Diabetes is an impairment that substantially limits a major life activity and amounts to a disability, as defined by the *TLC* § 21.002 and the *ADA*.

16. Plaintiff contacted Defendant to discuss what to do about his job in light of the insulin-dependent diabetes diagnosis.

17. Plaintiff recalls that Defendant employee Ms. Jeanette Sparks told him that because he was insulin-dependent he could not drive for Defendant.

18. Ms. Jeanette Sparks also advised Plaintiff that he had to speak with Plaintiff's supervisor.

19. Plaintiff gave Ms. Sparks his medical information regarding his insulin-dependent condition.

20. Plaintiff returned to Defendant's office to meet with his supervisor to discuss what to do in light of the insulin-dependent condition.

21. The Plaintiff's supervisor, Joel Petrick, was present for the meeting with Plaintiff.

22. Mr. Petrick had a copy of Plaintiff's medical information regarding his diabetes.

23. In addition, Defendant's safety manger, Mr. David Padgett, and Ms. Teresa Ayala, with the Defendant's Human Resources Department, were also present at the meeting with the Plaintiff.

24. Defendant told Plaintiff that because of his insulin-dependent diagnosis he would be placed on unpaid leave of up to ninety (90) days.

25. Plaintiff was extremely concerned about how he would survive without any income. He raised this concern with Mr. Petrick, to no avail.

26. Plaintiff contacted C2 Essentials, the entity overseeing the 401(k) funds for Plaintiff, about accessing his 401(k) funds while he was on unpaid leave. Plaintiff was advised that he could not access the 401(k) funds while he was employed by Defendant.

27. Plaintiff was put in an untenable position. He would be on unpaid leave and therefore, unable to pay his bills, or resign and access needed funds.

28. Faced with this difficult decision, Plaintiff reluctantly resigned his employment so that he

could access the 401(k) funds.

29. But for Plaintiff's insulin-dependent diabetes, he would not have been placed on unpaid leave. Further, but for the unpaid leave, Plaintiff would not have required access to his 401(k) funds. Plaintiff's only ability to access the 401(k) funds required that he resign. The Plaintiff's resignation was another adverse effect of Defendant's violations of applicable Federal and state laws.

30. Accordingly, Defendant's decision to place Plaintiff on unpaid leave caused several adverse employment consequences for Plaintiff.

31. In addition, when Defendant met with Plaintiff on or about July 5, 2019, Defendant failed to engage in any interactive process regarding accommodating Plaintiff's insulin- dependence diabetes which is an ADA disability.

32. Defendant also failed to consider Plaintiff for positions for which Plaintiff was qualified, instead offering Plaintiff unpaid leave for up to ninety (90) days.

33. Plaintiff alleges that Defendant violated several applicable Federal and state laws in placing Plaintiff on unpaid leave.

34. Defendant could have entered into an *ADA* interactive process with Plaintiff, in an effort to accommodate an older worker with a disability, rather than placing Plaintiff on an unpaid leave of up to ninety (90) days.

## CAUSES OF ACTION
### VIOLATION OF *TITLE VII, ADA, &* § 21.051 *TEXAS LABOR CODE*

35. Plaintiff is a male person who had been diagnosed with insulin-dependent diabetes, an otherwise qualified individual with a disability as the term is defined under the *Texas Commission*

on Human Rights Act, Texas Labor Code §§ 21.001 et seq., hereinafter the "*TCHRA*" and the *ADA, as amended.* At all times relevant to this cause of action, Plaintiff was an "employee" and Defendant was an "employer" as those terms are defined under the *TCHRA.* Defendant employed more than fifteen (15) employees at all times relevant to this suit.

36. As stated above, Plaintiff was diagnosed with an impairment that substantially limited one or more major life activities, and/or was regarded as having such an impairment by Defendant, which resulted in a disability as defined by *TCHRA* §21.002 and *ADA, as amended by the ADAAA*.

37. Plaintiff advised Defendant of the recent diagnosis of insulin-dependent diabetes and sought help in how to proceed with his job in light of that diagnosis.

38. Plaintiff needed the income from his employment with Defendant. Plaintiff was desperate to continue his employment with Defendant. Defendant's decision to place Plaintiff on unpaid leave for up to ninety (90) days was effectively constructively terminating. Plaintiff because he was diagnosed with insulin-dependent diabetes.

39. Plaintiff's diagnosis was the basis for Defendant to put Plaintiff on unpaid leave. Had Plaintiff not been placed on unpaid leave, he would not have resigned in order to access his 401(k) funds. Plaintiff's diagnosis is at the root of the subsequent actions by Defendant, which in turn, lead to Plaintiff's resignation decision.

40. Plaintiff was qualified for, and able to perform essential job functions of positions at Defendant. Plaintiff, with insulin, could perform his truck driving duties.

41. Further, Plaintiff was qualified for, and able to perform other jobs at Defendant.

42. Accordingly, Defendant failed to reasonably accommodate Plaintiff's disability, instead opting to place Plaintiff on unpaid leave as described herein.

43. Defendant, rather than complying with the applicable Federal and state laws regarding accommodating Plaintiff, Defendant placed Plaintiff on unpaid leave which effectively forced Plaintiff to resign his employment in order to access his 401(k) funds.

44. Defendant's failure to follow the requirements of the applicable Federal and state laws resulted in damages as hereinafter set forth.

## DAMAGES

45. As a result of the above actions by Defendant, Plaintiff has lost past and future wages and benefits of employment that Plaintiff received from Defendant. Further, Plaintiff has suffered pecuniary losses and past and future compensatory damages, including but not limited to, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses for which Plaintiff now sues.

## PUNITIVE/LIQUIDATED DAMAGE

46. Defendant knowingly and intentionally violated applicable Federal and state laws as set forth herein, including be not limited to failing to engage an interactive process with Plaintiff. Plaintiff is entitled to recover punitive damages from Defendant under those applicable Federal and state laws.

## ADMINISTRATIVE PREREQUISITES

47. Plaintiff has satisfied all prerequisites to this suit, including exhausting all required administrative remedies. Plaintiff timely filed a complaint against Defendant with the Texas Workforce Commission-Civil Rights Division (TWCCRD), which is a joint filing with the Equal Employment Opportunity Commission (EEOC) based on their work sharing agreement, exhausted all administrative remedies, received right to sue notices from the EEOC and the TWCCRD.

## ATTORNEY'S FEES

48.     Plaintiff had to employ one or more attorneys to vindicate his rights under applicable Federal and state law and seeks reasonable and necessary attorneys' fees.

## JURY DEMAND

49.     Plaintiff hereby respectfully demands a trial by jury, which has already been timely demanded in the Texas state court suit, that was removed to this Court.

## PRAYER

WHEREFORE, Plaintiff requests that Plaintiff be awarded relief and damages, as stated above, including past and future lost compensation and benefits, past and future compensatory damages, punitive damages, liquidated damages, injunctive relief, attorney fees, costs of court, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

Respectfully submitted,

**BEARD KULTGEN BROPHY BOSTWICK & DICKSON, PLLC**

220 South 4th Street
Waco, Texas 76701
(254) 776-5500
(254) 776-3591 - Fax Number
Email- peek@thetexasfirm.com

/s/ *Gail L. Peek*
**Gail L. Peek**
Texas State Bar No. 24028749

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served on the attorney of record for Defendant, on this the 31st day of October, 2019 by means of the CM/ECF system of this Court.

                                             _/s/ Gail L. Peek_
                                             **Gail L. Peek**